UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY M. EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>BUZZ-GERALD CLARK, BRENDA CLARK, TIFFANY CLARK,<br><br>    Defendant. | No. 2:16-cv-00147-TLN-EFB<br><br>SUA SPONTE REMAND ORDER |

This matter is before the Court pursuant to Defendants Buzz-Gerald Clark, Brenda Clark, and Tiffany Clark's ("Defendants") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, Defendants' Motion to Proceed in Forma Pauperis is GRANTED. The Court hereby remands the action to the Superior Court of California, County of Sacramento, due to lack of subject-matter jurisdiction.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about January 5, 2016, Plaintiff Jeremy M. Edwards ("Plaintiff") brought an action against Defendants for possession of the real property known as 11759 North Valensin Road, Galt, California, 95632 ("the Property"). (Notice of Removal, ECF No. 1 at 10.) The Complaint alleges that Defendants entered into a lease with Plaintiff to pay rent in the amount of $1,400.00 per month. (ECF No. 1 at 10.) Plaintiff asserts that Defendants were provided 60-day notice to

pay rent or quit possession of the property, but Defendants failed to do so.  (ECF No. 1 at 11.)  On January 25, 2016, Defendants filed a Notice of Removal removing this unlawful detainer action from the Sacramento County Superior Court.  (ECF No. 1.)

## II.     STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.  Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III.    ANALYSIS

Defendants removed this case to this Court on the basis of federal question jurisdiction.  Defendants argue that the Protecting Tenants at Foreclosure Act of 2009 ("PTFA") gives rise to a federal question by identifying two ways in which the statute is drawn into controversy in the instant case.

Defendants state that Plaintiff's claim is based upon a notice which must comply with the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. §§ 5220.  (ECF No. 1 at ¶ 6.)  However,

1  the Complaint itself contains only a single claim for unlawful detainer.  (ECF No. 1 at 10–12.)
2  Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal
3  question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482
4  U.S. at 386.  The instant Complaint relies solely on California state law and does not mention
5  expressly or impliedly 12 U.S.C. §§ 5201, et. seq.  The Complaint does not state claims under the
6  PTFA or any other federal law.  The well-pleaded complaint rule makes the plaintiff the master of
7  his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is
8  the case here.  *Caterpillar*, 482 U.S. at 392.

9  It seems Defendants mean to assert subject matter jurisdiction by alleging Plaintiff
10  violated the PTFA.[1]  However, removal cannot be based on a defense, counterclaim, cross-claim,
11  or third party claim raising a federal question, whether filed in state court or federal court.  *See*
12  *Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43.  While Defendants
13  contend in the notice of removal that Plaintiff has violated a federal law, this assertion relates
14  only to an affirmative defense or potential counterclaim, which is not considered in evaluating
15  whether a federal question appears on the face of a plaintiff's complaint.  See *Vaden*, 556 U.S. at
16  60-62.  "[A] counterclaim – which appears as part of the defendant's answer, not as part of the
17  plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction."  *Holmes Group,*
18  *Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

19  In summary, the state court complaint indicates that the only cause of action is one for
20  unlawful detainer which arises solely under state law and not under federal law.  Thus, this action
21  does not arise under federal law and no other grounds for federal jurisdiction are apparent.
22  Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction.  *See*
23  *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the
24  district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua*
25  *sponte,* whether the parties raised the issue or not.").

---

[1]  In any event, the Ninth Circuit has held that no private right of action exists under the PTFA.  *Logan v. U.S. Nat. Assoc.*, 722 F.3d 1163, 1173 (9th Cir. 2013).  Further, "the PTFA is framed in terms of 'protections' for tenants, suggesting that it was intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal courts."  *Id*. at 1173.

### IV. CONCLUSION

Thus for the reasons stated above, Defendants' motion to proceed in forma pauperis (ECF No. 2) is GRANTED, and the Court hereby remands this action to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

Dated: January 26, 2016

Troy L. Nunley
United States District Judge